# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| BRENT ELLIS<br>　　　　　　PLAINTIFF | *<br>*<br>* |
| V. | *<br>* CASE NO. 4:19CV00583 SWW |
| UNION PACIFIC RAILWAY<br>COMPANY<br>　　　　　　DEFENDANT | *<br>*<br>*<br>* |

## OPINION and ORDER

Brent Ellis ("Ellis") brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, against his former employer, Union Pacific Railroad Company ("Union Pacific"), claiming that he suffered on-the-job injuries as a result of Union Pacific's negligence. Before the Court is Union Pacific's motion for summary judgment [ECF Nos. 19, 20, 21], Ellis's response in opposition [ECF Nos. 24, 25, 26], and Union Pacific's reply [ECF No. 27]. After careful consideration, and for reasons that follow, Union Pacific's motion for summary judgment is denied.

### I. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a

1

moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

## II.  Background

Ellis worked for Union Pacific as a carman. Among his duties, he prepared locomotives for painting, which involved using a sandblasting gun while standing in a pneumatic lift or carrier that could be directed up, down, and side to side alongside the locomotive.

To perform the sandblasting procedure, an operator either held the sandblasting gun in his hands or placed it in a counterweight device that consisted of a bar, with a weight on the end, and a holster, where the handle of the

sandblasting gun was inserted.[1]  The counterbalancing device pivoted on a bracket attached to the manlift, and it balanced the high pressure exerted by the gun, making it easier to operate.  Using this system, the operator could simply aim the gun at the desired area of a locomotive by positioning the counterweight device at different angles.  The sandblasting gun was manufactured by Gardner Denver, but Union Pacific manufactured the counterweight device and attached it to the pneumatic lift.  Doc 25-3 at 48.

Below is a photograph[2] of the system described above:  the pneumatic lift, counterweight, and a sandblasting gun, with the handle inserted in the holster:



---

[1]  *See* ECF No. 25-3, at 11(Sheffler Dep., at 41-43).
[2]  ECF No. 24, at 5 Fig. No. 3.

On January 2018, Ellis was injured while sandblasting a locomotive. Before the incident, Ellis had been operating a blasting gun for two to three hours, using the counterweight device mentioned above. With the trigger depressed and the gun engaged, the gun's plastic handle, which was resting in the holster component of the counterweight device, broke, and the gun exited the holster, striking and injuring Ellis.

Ellis contends that Union Pacific failed to provide him with safe equipment because the handle on the sandblasting gun was made of plastic and the holster portion of the counterweight device lacked a mechanism to secure the gun in place. Ellis notes that Union Pacific's director of mechanical maintenance, Kyle Sheffler, acknowledged in deposition that the sandblasting guns were "pretty able to come out of the carriers if need be."[3]

Ellis also presents evidence that Union Pacific did not inspect the plastic handle on the sandblasting gun and knew that employees sometimes left a sandblasting gun resting in the counterweight device, with the plastic handle in the holster and not visible. In deposition, Sheffler agreed that if a sandblasting gun were left in the holster, the next employee who used the equipment would "look over the equipment as it was in the holster and then start blasting."[4] Ellis testified

---

[3] ECF No. 25-3, at 31 (Sheffler Dep. at 124).
[4] *Id.*

that on the day he was injured, the sandblasting gun was already sitting in the holster of the counterweight device and that he would not have seen the handle before he started operating the sandblasting gun.

### III. Analysis

Union Pacific moves for summary judgment, asserting the single argument that Ellis lacks evidence of foreseeability, *i.e.*, that Union Pacific had a reasonable ground to anticipate that the sandblasting gun might result in harm to someone like Ellis. The Eighth Circuit has explained:

> Although FELA does not incorporate common law "proximate causation," reasonable foreseeability of harm is an essential ingredient of FELA negligence. *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 702–03, 131 S. Ct. 2630, 180 L.Ed.2d 637 (2011). Reasonable foreseeability circumscribes the duties a railroad owes its employees. *Id.* Where a railroad "has no reasonable ground to anticipate that a particular condition ... would or might result in a mishap and injury, then the [railroad] is not required to do anything to correct [the] condition." *Id.* at 703, 131 S. Ct. 2630 (first and third alteration in original) (quotation and citation omitted). Provided [however] that negligence is proved, no matter how insignificant its role in producing the injury, "the manner in which [the injury] occurred" need not be foreseeable. *Id.* at 703–04, 131 S. Ct. 2630

*Burckhard v. BNSF Ry. Co.*, 837 F.3d 848, 853–54 (8th Cir. 2016)

Citing *Peyton v. St. Louis Sw. Ry. Co.*, 962 F.2d 832, 834 (8th Cir. 1992), Union Pacific contends that foreseeability is missing here because Ellis is unable to show that with the exercise of due care, the railroad could have discovered a defect in the sandblasting gun's handle. In *Peyton*, a FELA case, the plaintiff sustained

5

an injury while using a wrench that fractured unexpectedly. This case, however, does not involve the use of a single tool but a sandblasting system that employed a sandblasting gun and a counterweight device, which Union Pacific devised, manufactured, and attached to the pneumatic lift. Focusing on the "particular conditions," at issue, a factfinder could conclude that Union Pacific had reasonable grounds to anticipate an injury.

Union Pacific quotes the Eighth Circuit's observation in *Peyton* that "tools break without warning and without negligence on anyone's part." *Peyton,* 962 F.2d at 834. But that is just the point. Viewing the record in a light most favorable to Ellis, the sandblasting gun was not securely anchored to the counterweight device-- it stayed in place solely by means of the gun's plastic handle being cradled in a holster. Like all tool components, the plastic handle was subject to break unexpectedly and suddenly, which for obvious reasons would cause the gun to separate from the counterweight device and injure the operator.

### IV. Conclusion

For the reasons stated, the Court finds genuine issues for trial and Defendant's motion for summary judgment [ECF No. 19] is therefore DENIED.

IT IS SO ORDERED THIS 28TH DAY OF SEPTEMBER, 2020.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE
